1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                   AT TACOMA

8    AUSTIN K.,

9                              Plaintiff,              CASE NO. 3:19-CV-5993-DWC

10         v.                                          ORDER REVERSING AND
                                                       REMANDING DEFENDANT'S
11   COMMISSIONER OF SOCIAL                            DECISION TO DENY BENEFITS
     SECURITY,
12
                               Defendant.
13

14         Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

15   Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant

16   to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties

17   have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

18         After considering the record, the Court concludes the Administrative Law Judge

19   ("ALJ") erred when he failed to comply with the Court's previous Order. This matter is

20   reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of

21   the Social Security Administration ("Commissioner") for further proceedings consistent with

22   this Order.

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 1

1        <u>FACTUAL AND PROCEDURAL HISTORY</u>

2        On March 25, 2014, Plaintiff filed an application for DIB, alleging disability as of

3   August 22, 2018. *See* Dkts. 11-12, Administrative Record ("AR") 1385. The application was

4   denied upon initial administrative review and on reconsideration. *See* AR 1444. A hearing was

5   held before ALJ Joanne E. Dantonio on December 14, 2015. *See* AR 38-103. ALJ Dantonio

6   found Plaintiff not disabled, and Plaintiff appealed the decision. *See* AR 1385. The United

7   States District Court for the Western District of Washington remanded the case back to the

8   Commissioner for further proceedings, with specific direction to develop the record. *See* AR

9   1481-1485. A hearing was held before ALJ Gerald J. Hill on February 5, 2019.[1] *See* AR 1385.

10  Dr. Stephen Genest, an impartial medical expert the ALJ appointed to review the record,

11  testified at the hearing. *See* AR 1421-1430. In a decision dated June 26, 2019, the ALJ found

12  Plaintiff not disabled. *See* AR 1405. The ALJ's June 26, 2019 decision is the final decision of

13  the Commissioner, which Plaintiff now appeals. 20 C.F.R. § 404.981, § 416.1481.

14       In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) finding Plaintiff's stroke

15  and traumatic brain injury were not medically determinable impairments at Step Two; (2)

16  failing to comply with the Court's previous Order; (3) inappropriately interpreting the medical

17  opinion evidence; and (4) improperly discounting Dr. Genest's opinion. Dkt. 16. Plaintiff

18  requests the Court remand this case for an award of benefits. Dkt. 16, pp. 20-23.

19       <u>STANDARD OF REVIEW</u>

20       Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

21  social security benefits if the ALJ's findings are based on legal error or not supported by

22

23

24  ───────────
[1] Any reference to "the ALJ" or "the ALJ's decision" in this Order refers to ALJ Hill and his June 26, 2019 decision.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 2

1   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1

2   (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

3                                          <u>DISCUSSION</u>

4       **I.      Whether the ALJ complied with the Court's previous Order.**

5           Plaintiff argues the ALJ erred by failing to follow the Court's previous Order. Dkt. 16,

6   pp. 4-6. Specifically, Plaintiff maintains the ALJ erred because he did not comply with the

7   Court's Order to develop the record in regard to Plaintiff's stroke. Dkt. 16, p. 5.

8           Both the "law of the case doctrine and the rule of mandate apply in the social security

9   context." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Under the rule of mandate, "the

10  mandate of a higher court is controlling as to matters within its compass." *Sprague v. Ticonic*

11  *Nat'l Bank,* 307 U.S. 161, 168 (1939). A lower court is generally "bound to carry the mandate

12  of the upper court into execution and [may] not consider the questions which the mandate laid

13  at rest." *Id.*

14          Similarly, under the law of the case doctrine, "[t]he decision of an appellate court on a

15  legal issue must be followed in all subsequent proceedings in the same case." *United States v.*

16  *Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (quoting *Herrington v. County of Sonoma*, 12 F.3d 901,

17  904 (9th Cir. 1993) (internal quotations omitted)). Therefore, a court is precluded from

18  revisiting issues which have been decided – either explicitly or implicitly – in a previous

19  decision of the same court or a higher court. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067

20  (9th Cir. 2012). The doctrine of the law of the case "is concerned primarily with efficiency,

21  and should not be applied when the evidence on remand is substantially different, when the

22  controlling law has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d

23  at 567.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 3

1  Additionally, "as a general principle, the United States Supreme Court has recognized

2  that an administrative agency is bound on remand to apply the legal principles laid down by

3  the reviewing court." *Ischay v. Barnhart*, 383 F.Supp.2d 1199, 1213–1214 (C.D. Cal. 2005);

4  *see Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (citations omitted) (deviation from the

5  court's remand order in the subsequent administrative proceedings is itself legal error, subject

6  to reversal on further judicial review). Likewise, Social Security regulations provide:

7  When a Federal court remands a case to the Commissioner for further
   consideration, the Appeals Council, acting on behalf of the Commissioner, may

8  make a decision, or it *may remand the case to an administrative law judge with
   instructions to take action and issue a decision* or return the case to the Appeals

9  Council with a recommended decision. If the case is remanded by the Appeals
   Council, the procedures explained in [20 C.F.R.] § 404.977 will be followed.

10 20 C.F.R. § 404.983 (emphasis added).

11

12 Under 20 C.F.R. § 404.977, when the Appeals Council remands a case to the ALJ, the

13 ALJ "shall take any action that is ordered by the Appeals Council and may take any action that

14 is not inconsistent with the Appeals Council's remand order." Accordingly, when a case is

15 remanded, the ALJ must follow the specific instructions of the reviewing court. *See Stacy*, 825

16 F.3d at 567-569.

17   A.  The Court's Previous Order

18 In its previous Order, the Court found that "if the ALJ [ALJ Dantonio] could not

19 determine, based on the record, whether plaintiff was feigning a stroke or not, this would

20 create a sufficient ambiguity to trigger the ALJ's duty to further develop the record." AR 1482.

21 The Court noted ALJ Dantonio's only discussion of Plaintiff's stroke was that he "allegedly

22 had a stroke in 2005 (the records do not date back this far)" and supposedly had a history of

23 "right sided weakness and paresthesia." AR 1482. ALJ Dantonio found the "objective evidence

24 corroborated neither [Plaintiff's] musculoskeletal nor neurological complaints." AR 24.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 4

1    The Court explained further developing the record regarding Plaintiff's stroke would be

2    essential for the ALJ to make a decision because "[i]f plaintiff did indeed suffer a stroke, that

3    stroke may have accounted for many of plaintiff's alleged limitations." AR 1482. The Court

4    also noted several instances throughout the record indicate Plaintiff's providers relied on

5    Plaintiff's report that he had a stroke in 2005. *See* AR 433, 438, 556, 616, 622, 671, 918, 968,

6    984, 1008, 1067, 1132, 1353. Due to ALJ Dantonio's error in failing to develop the record, the

7    Court put the burden on the ALJ to "further develop the record [on remand], including

8    potentially ordering a consultative examination to assess plaintiff's claim that he suffered a

9    stroke in 2005." AR 1482.

10       B.   The ALJ's Current Decision

11       On remand, the ALJ invited medical expert Dr. Genest to review Plaintiff's records and

12    offer an opinion about his impairments, including Plaintiff's stroke from 2005. AR 1421-1430.

13    The ALJ also added more evidence to the record, which consisted of treatment notes and

14    records ranging from 2011 to 2019. *See* AR 1660-2000. The ALJ did not order an additional

15    consultative examination of Plaintiff. *See* Dkt. 18, p. 8.

16       At the hearing, Dr. Genest testified Plaintiff had multiple impairments that impact his

17    functioning, including cerebrovascular accident on the left side, secondary right semi-paresis,

18    and brain atrophy. AR 1421, 1424. Dr. Genest also testified he found the evidence indicates

19    Plaintiff has dementia secondary to having a stroke in 2005. AR 1422. After discussing

20    evidence that points to possible symptom exaggeration and suggests malingering, Dr. Genest

21    said that "the testing by the examiners, I feel, was below par." AR 1421. The ALJ discounted

22    Dr. Genest's opinion, in part, because Dr. Genest did not explain what he meant by "below

23

24

1  par." AR 1395. The ALJ did not ask Dr. Genest to explain what he meant by "below par." AR

2  1395-1396.

3       In his decision, the ALJ addressed Plaintiff's stroke, saying: "[a]s discussed, the

4  claimant asserts he had a stroke in 2005, with significant right-sided residual limitations. The

5  record begins in 2008, however, and therefore contains no contemporaneous medical evidence

6  to establish that a cerebrovascular accident or stroke actually occurred." AR 1390.

7       Defendant contends the ALJ sufficiently developed the record by adding new evidence

8  to the record and having Dr. Genest review the record and testify at the hearing. *See* Dkt. 18, p.

9  8. The Court disagrees. The new evidence submitted is from 2011 to 2019 and is similar to the

10  evidence previously included in the record, in that it contains records of Plaintiff's work

11  history, medication, progress notes, hospital records, and clinical treatment notes. *See*

12  *generally* AR 1660-2000. The new evidence also contains various pieces of information that

13  could be interpreted to support a conclusion that Plaintiff suffered a stroke in 2005, but it does

14  not specifically address whether Plaintiff had a stroke. *See e.g.* AR 1663, 1670, 1674, 1693,

15  1713, 1735, 1927, 1995. Similarly, while Dr. Genest did testify that Plaintiff had multiple

16  impairments that impact his functioning, his testimony did not resolve the ambiguity regarding

17  whether Plaintiff had a stroke because he did not perform any examination or testing of

18  Plaintiff. Rather, he reviewed the medical record and testified that Plaintiff's stroke was

19  supported by "objective facts" that "were not malingering…" AR 1424. Thus, Dr. Genest did

20  not offer any evidence that objectively establishes whether Plaintiff had a stroke in 2005. AR

21  1421-1429.

22       Moreover, when Dr. Genest stated that the doctors who found Plaintiff to be

23  malingering used "below par" testing and when the ALJ concluded that the record "contains no

24

1    contemporaneous medical evidence to establish that a cerebrovascular accident or stroke

2    actually occurred[,]" the ALJ should have developed the record further. AR 1390, 1395-1396.

3    *See Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014) (quoting *Celaya v.*

4    *Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003)) ("it is incumbent upon the ALJ to scrupulously

5    and conscientiously probe into, inquire of, and explore for all the relevant facts"); *McLeod v.*

6    *Astrue*, 640 F.3d 881, 885 (9th Cir. 2010) ("ambiguous evidence, or the ALJ's own finding that

7    the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty

8    to conduct an appropriate inquiry"). Thus, the record remains ambiguous whether Plaintiff did

9    in fact suffer a stroke in 2005.

10          Because the ALJ did not sufficiently develop the record to be able to determine whether

11    Plaintiff suffered a stroke in 2005, the Court finds the ALJ failed to comply with the Court's

12    previous Order. The ALJ's failure to comply with the Court's previous Order is an error

13    requiring remand. Therefore, on remand, the ALJ is directed to further develop the record,

14    including potentially ordering a consultative examination, to specifically assess Plaintiff's

15    claim that he suffered a stroke in 2005. Because further development of the record regarding

16    Plaintiff's stroke may affect his decision throughout the entire sequential evaluation, the Court

17    orders the Commissioner's final decision be vacated in its entirety and this matter remanded

18    pursuant to sentence four of 42 U.S.C. § 405(g) for a de novo hearing consistent with this

19    Order.

20          The Court also notes the ALJ's finding at Step Two that Plaintiff does not have

21    medically determinable impairments of a stroke or traumatic brain injury appears to be

22    inconsistent with the record. For example, the ALJ concluded that several of Plaintiff's

23    diagnoses were based on Plaintiff's stroke and thus "not [] established by the objective medical

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 7

1    evidence…" AR 1391. However, the record shows several doctors provided objective evidence

2    in support of their opinions related to Plaintiff's stroke. Dr. Edwin Hill performed a mental

3    status examination ("MSE") of Plaintiff and several additional tests, such as the Wechsler

4    Adult Intelligence Scale – III ("WAIS-III") and the Minnesota Multiphasic Personality

5    Inventory – 2 ("MMPI-2"). *See* AR 555-561. After administering these tests, and despite

6    opining some of the results were suggestive of malingering, Dr. Hill diagnosed Plaintiff with

7    dementia "due to Cerebral Vascular Accident (May 11, 2005)" and "[c]hronic balance disorder

8    due to May 11, 2005 CVA…" AR 563-564. In addition, Dr. Sorin Rhone conducted a physical

9    exam of Plaintiff and diagnosed him with "[s]equelae of cerebrovascular accident with gross

10   residual signs and symptoms of hemiplegia on the left and some dementia which originally

11   dates back to the time of his first stroke in 2005." AR 670-671. Thus, on remand, the ALJ shall

12   also ensure his findings at Step Two are supported by and consistent with the record.

13          **II.      Whether an award of benefits is warranted.**

14          Plaintiff requests the Court remand his claim for an award of benefits. Dkt. 16, pp. 20-

15   23.

16          The Court may remand a case "either for additional evidence and findings or to award

17   benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court

18   reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to

19   the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587,

20   595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for

21   determining when evidence should be credited and an immediate award of benefits directed."

22   *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be

23   awarded where:

24

(1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has determined the ALJ erred by failing to follow the Court's previous Order. Thus, because outstanding issues remain and because the Court is remanding this case in its entirety, remand for further consideration of this matter is also appropriate.

<u>CONCLUSION</u>

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 8th day of June, 2020.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 9